COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:          USPLS, LC v. Patrick Gaas and Daniel Shank

Appellate case number:     01-20-00604-CV

Trial court case number:    2019-42530

Trial court:                          129th District Court of Harris County

Appellees, Patrick Gaas and Daniel Shank, have filed a "Motion for Leave to file Brief of Appellees Under Seal." In their motion, appellees represent that, in the underlying litigation, the parties agreed to, and the trial court entered, an "Agreed Protective Order" governing the handling of "certain information that was designated as 'confidential'" by the parties. Pursuant to the Agreed Protective Order, discovery items designated as "confidential" are not to be disclosed "to persons other than Qualified Persons," as that term is defined by the Agreed Protective Order. Appellees note that the summary-judgment record includes documents which were designated as "confidential," requiring appellees to discuss such materials in their appellees' brief. Accordingly, appellees "seek guidance from this Court regarding how to proceed."

Requests to seal records are governed by Texas Rule of Civil Procedure 76a. *See* TEX. R. CIV. P. 76a. Rule 76a provides no authority for an appellate court to make the findings necessary to decide motions to seal the record. *See Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 636 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) ("On its face, Texas Rule of Civil Procedure 76a, entitled 'Sealing Court Records,' does not give appellate courts the authority to find the necessary facts and to determine motions to seal on appeal, and the parties have not cited any statute, rule, or case stating that appellate courts have this authority.").

Where a trial court orders documents to be sealed in accordance with rule 76a, this Court may grant a motion to seal those documents specified by the trial court, or filings which reference the sealed documents. *See R.V.K. v. L.L.K.*, 103 S.W.3d 612, 614 (Tex. App.—San Antonio 2003, no pet.) (noting appellate court ordered clerk to seal parties' briefs that were replete with references to and copies of portions of record ordered sealed by trial court). However, here, appellees' motion represents only that the parties have entered into an Agreed Protective Order, and there is no evidence that the trial court has

entered any temporary sealing orders in compliance with rule 76a regarding the portions of the record which were designated as "confidential" pursuant to the terms of the parties Agreed Protective Order. Nor have the parties moved to abate the appeal for the trial court to hold a rule 76a hearing to seal any documents which were designated as "confidential," and thereafter have such documents be designated as part of a sealed clerk's record.

Accordingly, absent an order to seal records in compliance with rule 76a, providing this Court with authority to seal any documents or filings, appellees' motion is **denied**.[1]

It is so ORDERED.


Judge's signature:    /s/ April Farris___
                      ☑ Acting individually    ☐ Acting for the Court


Date: ___March 30, 2021_____

---

[1] Appellees' motion states that "[a]ppellees have tendered their brief under seal subject to this Court's ruling on this motion." We note that appellees' brief was filed with the Clerk of this Court on March 22, 2021. However, for the reasons detailed in this order, appellees' brief was not filed "under seal," and is part of the public record.